## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| |
|---|
| MARGARET PAPPAS, |
|                Plaintiff, |
|   v. |
| TOWN OF ENFIELD, et al., |
|                Defendants. |

3:08-cv-250 (CSH)

## RULING ON MOTION TO DISMISS

HAIGHT, Senior District Judge:

Plaintiff Margaret Pappas brings this action under 42 U.S.C. § 1983 against the Town of Enfield ("Enfield" or "Town"), the Town of Enfield Planning and Zoning Commission ("PZC" or "Commission"), and four of the PZC's members, alleging that the PZC's denial of her application to re-subdivide a parcel of land she owns in Enfield (the "Property") violated her rights to substantive due process and equal protection under the Fourteenth Amendment to the United States Constitution and constituted a taking of property without just compensation in violation of the Fifth and Fourteenth Amendments. The four individual Defendants are those members of the Commission who voted to deny Plaintiff's application for re-subdivision.

Defendants have moved to dismiss Plaintiff's due process and equal protection claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants have also moved to dismiss Plaintiff's takings claim pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that the claim is not ripe because Plaintiff has not attempted to obtain just compensation through procedures provided by the State of Connecticut.  In her Memorandum in Opposition to Motion to Dismiss, Plaintiff states, "In light of defendants' ripeness challenge to the [takings claim], the plaintiff will be moving to amend her complaint to eliminate that cause of action." [Doc. 41 at

FN 1]  Although Plaintiff did not subsequently move to amend her complaint, her representation that she intended to do so constitutes a withdrawal of her takings claim from the action in this Court.  That claim will be dismissed without prejudice.

Accordingly, the Court will address only Plaintiff's due process and equal protection claims. For the reasons stated herein, Defendants' Motion to Dismiss [Doc. 31] is granted in part and denied in part.  The substantive due process claim will be dismissed.  The equal protection claim survives.

I.      FACTS

Plaintiff is the owner of an approximately 21.83 acre parcel of land located north of Bridge Lane in Enfield.  The Property is zoned R-33 under the Town of Enfield Zoning Regulations, authorizing single-family residences as a permitted use.  On September 21, 2005, Plaintiff applied to the PZC for approval of a re-subdivision plan that would establish fifteen (15) single-family residential building lots on the Property.  The PZC held public hearings on Plaintiff's application on November 3, 2005, November 17, 2005, December 1, 2005, and January 19, 2006.  At the November 3 hearing, Plaintiff's engineer, Tim Coon, presented Plaintiff's re-subdivision plan to the PZC.

On February 16, 2006, the PZC met to consider Plaintiff's re-subdivision application. The PZC first voted unanimously, 7-0, to reject plaintiff's request to waive the requirement of sidewalks for the new roads that would be created under her re-subdivision plan.  The PZC then voted unanimously to accept payment of a fee in lieu of a dedication of open space on the Property, pursuant to Section 3(e)(1) of the Town of Enfield Subdivision Regulations ("Subdivision Regulations").  After discussion, the Commission denied Plaintiff's re-subdivision application by a vote of 4-3.

Plaintiff subsequently filed an administrative appeal of the Commission's decision with the Connecticut Superior Court.  Because the Commission gave no formal reasons for its

decision denying Plaintiff's re-subdivision application, the Connecticut Superior Court reviewed the record to determine whether the Commission's decision was supported by the evidence therein.  Concluding that nothing in the record provided a reasonable basis for the Commission's action, on November 3, 2006, the Connecticut Superior Court ruled that the denial of Plaintiff's application was "unreasonable, illegal, arbitrary and in abuse of the Commission's discretion," and it ordered the Commission to approve Plaintiff's application.  *Pappas v. Enfield Planning & Zoning Comm'n*, 2006 Conn. Super. LEXIS 3323 at *18 (Conn. Super. Ct. Nov. 3, 2006). Following that order, the Commission granted Plaintiff's re-subdivision application as proposed.

Plaintiff filed this action under 42 U.S.C. § 1983 on February 15, 2008, alleging due process and equal protection violations based on the Commission's denial of her re-subdivision application.  Plaintiff named as defendants the Town of Enfield, the Commission, and the four members of the Commission who voted against her re-subdivision application on February 16, 2006.  Plaintiff seeks money damages, punitive damages as to the individual defendants, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## II.    STANDARD OF REVIEW

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).  The Court's function in deciding a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 101 (2d. Cir. 2003).  "This issue is not whether a plaintiff will

3

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). "Nor does a complaint suffice if it tenders naked factual assertions devoid of further factual development." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

There is some dispute between the parties as to what documents this Court can consider in ruling on the pending motion to dismiss. When deciding a motion to dismiss, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). Here, there are no exhibits attached to the Complaint. Defendants have attached to their motion to dismiss the Town of Enfield Subdivision Regulations, the Town of Enfield Zoning Regulations, Plaintiff's Resubdivision Application as filed with the Town of Enfield, and a letter from the Enfield Conservation Commission to the Enfield Town Planner regarding Plaintiff's application.

Plaintiff contends that, at this phase of the proceedings, the Court may not consider the documents attached by Defendants, while Defendants respond that these items are incorporated

by reference in the pleadings and/or are matters of which judicial notice may be taken. Specifically, the complaint incorporates the Enfield zoning and subdivision regulations in that it repeatedly references and relies upon them.  (Compl. ¶¶ 13-16, 22, 24-26, 30-31.)  Furthermore, the zoning and subdivision regulations are a matter of public record of which the Court may take judicial notice.  Plaintiff's subdivision application is also repeatedly referred to in the Complaint, and may be a matter of public record, but since Plaintiff has objected to its inclusion and since it, unlike the regulations, is not necessary to deciding the motion to dismiss, the Court has not considered it. The letter from the Enfield Conservation Commission to the Enfield Town Planner regarding Plaintiff's application is not appropriately part of the record upon motion to dismiss and has not been considered.

Both parties have attached to their briefs a copy of the State Court Memorandum of Decision in *Pappas v. Enfield Planning & Zoning Comm'n*, 2006 Conn. Super. LEXIS 3323 (Conn. Super. Ct. Nov. 3, 2006).  In addition, Plaintiff has attached to her Opposition to the Motion to Dismiss selected excerpts from the state court return of record.  In the absence of objection by Defendants to this submission, the Court has reviewed these excerpts, although it has not relied upon them in reaching this ruling, given the limited legal questions currently before the Court upon motion to dismiss.

## III.    DISCUSSION

### A.    Substantive Due Process

Plaintiff maintains that she was clearly entitled, as a matter of law, to approval of her re-subdivision application and that the PZC's denial of her application violated her right to substantive due process under the Fourteenth Amendment to the United States Constitution.  To

prevail on this claim, Plaintiff must show "(1) that [she] had a valid property interest in the granting of the [application], and (2) that the defendants infringed on that property interest in an arbitrary or irrational manner." *Clubside v. Valentin*, 468 F.3d 144, 152 (2d Cir. 2006).  Because the Court concludes that Plaintiff lacked a valid property interest in the granting of her application, it does not reach the second step of the analysis.

Courts in this Circuit apply a "'clear entitlement' analysis to determine whether a landowner has a constitutionally cognizable property interest in the benefit sought." *Id*.  In keeping with the Supreme Court's holding in *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972), "[t]his analysis focuses on whether the [person] asserting the property right has a 'legitimate claim of entitlement' to have [her] application granted," *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494 (2d Cir. 2001), rather than a mere "abstract need or desire for it" or "a unilateral expectation of it." *Roth*, 408 U.S. at 577.  The Second Circuit first applied the *Roth* analysis to land-use benefits in *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54 (2d Cir. 1985). There, the Second Circuit held that a landowner has a clear entitlement to the land-use benefit sought where, "absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted." *Id.* at 59.  Despite the probabilistic language of *Yale Auto Parts*, the Second Circuit has subsequently and consistently held that application of the "clear entitlement" analysis "focuses on the extent to which the deciding authority may exercise *discretion* in arriving at a decision, rather than on an estimate of the probability that the authority will make a specific decision." *Clubside*, 468 F.3d at 153; *see Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995); *RRI Realty Corp. v. Incorporated Village of Southampton*, 870 F.2d 911, 918 (2d Cir. 1989).  Accordingly, "[e]ven if in a

particular case, objective observers would estimate that the probability of [approval] was extremely high, the opportunity of the local agency to deny [approval] suffices to defeat the existence of a federally protected property interest." *RRI Realty Corp.*, 870 F.2d at 918.  A court is to "consider whether there was a strong likelihood of issuance only when the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured." *Clubside*, 468 F.3d at 154.

Defendants argue that Plaintiff did not have a protected property interest in the granting of her re-subdivision application because the Town of Enfield Subdivision Regulations (the "Regulations") vest the PZC with discretion with respect to the review of applications.  As a preliminary matter, Plaintiff objects to the Court's making a determination, upon a motion to dismiss, with respect to whether any property interest exists.  [Doc. 41 at 11-13]  As a correlate to that argument, Plaintiff also objects to the Court's consultation of the Regulations in making that determination.  *Id.*  However, "the question of whether an applicant has a property interest will normally be a matter of law for the court." *RRI Realty Corp.*, 870 F.2d at 918.  "Focusing on the authority of the local regulator thereby permits the threshold rejection of some federal due process claims, without awaiting exploration of whether the regulator acted so arbitrarily as to offend substantive due process in the particular case." *Id.*  Thus, the existence of a federally protectable property right may be resolved upon a Rule 12 motion.  *See, e.g., Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54 (2d Cir. 1985).  Furthermore, the Court may consider the Regulations in making the threshold determination of whether a property interest exists, which is to say, whether the Commission had any discretion in acting on the application.  *See Gagliardi v. Village of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994) (quoting from the city's zoning code in

affirming the district court's dismissal of a substantive due process claim because defendants had "broad discretion").

Even if the Court were to accept (which it does not) Plaintiff's contention that it cannot look beyond the four corners of the complaint in determining whether the Commission was vested with discretion with respect to the applications before it, Plaintiff's complaint itself explicitly states that the Commission had discretion: "The aforementioned actions of the defendants were illegal, grossly arbitrary and in flagrant and extreme abuse of the discretion afforded them as members of the Commission." (Compl. ¶ 38.)  Thus, Plaintiff's statement in opposition to the motion to dismiss that "the complaint . . . specifically alleges a property right and the fact that no discretion was vested in the Commission when it considered the application" [Doc. 41 at 12-13] is inaccurate.

Furthermore, Plaintiff argues repeatedly in opposition to the motion to dismiss that "she was legally entitled to subdivide her land into at least 13 lots" [Doc. 41 at 2] and that Defendants were not "in a position to make a discretionary judgment with respect to whether the plaintiff was entitled to at least a 13-lot subdivision."  [Doc. 41 at 7; *see also* Doc. 41 at 5, 12, 13, 18, 21, 23, 25-26.]  However, Plaintiff did not apply for a 13 lot subdivision, but instead sought a 15 lot subdivision.  (Compl. ¶¶ 1, 15; *see also* Doc. 41 at 4, 9).  Plaintiff further contends that the property is "zoned for use as residential building lots of 33,000 square feet (3/4 acre) in size which would enable as many as 29 lots on the site." [Doc. 41 at 4; *see also* Doc. 41 at 2, 9.]  Accepting Plaintiff's allegations as true, Plaintiff is contending that, given the particular specifications of her property, the Commission *must* approve any application for up to 13 lots, and *may* approve an application for up to 29 lots.  Thus, by definition, the Commission has

discretion to approve or deny applications for between 14 and 29 lots.  Plaintiff applied for 15

lots.  Therefore, her application fell within the class of applications with regard to which the

Commission could, by Plaintiff's own admission, exercise discretion, thus defeating her claim of

a property right in the approval of her application and exposing it as instead a unilateral

expectation on her part.

Consultation of the Regulations themselves further undermines Plaintiff's claim that the

"regulations afford the Commission no discretion whatsoever to deny the plaintiff property

owner the right to subdivide her property into 13 building lots." [Doc. 41 at 13]  To the contrary,

the Enfield Subdivision Regulations (Def.'s Ex. A) afford the Commission significant discretion

with respect to its review of re-subdivision applications.  The language of the Regulations

repeatedly references the Committee's discretion, judgment, and opinion, and requires it to

exercise those higher functions in considering various subjective factors when making

determinations as to the acceptability of the applications before it.[1]  The fact that the state court

---

[1]  The following is a non-exhaustive set of excerpts from the Town of Enfield Subdivision
Regulations (Def.'s Ex. A) which require or invite the Commission to exercise its discretion in
reviewing applications.  All emphases are added:

All land to be subdivided shall be of such character that it can be used for building purposes
without danger to health or public safety. Land subject to flooding or with inadequate means of
sanitary sewage disposal shall not be subdivided.
Section 3(a)

The Commission may waive certain requirements under the regulations by a three quarters vote...
In granting any waiver, the Commission shall find that: it would not have a significant adverse
effect on adjacent property; it would not have a significant adverse effect on public health and
safety; it is not in conflict with the Plan of Development; it is consistent with the development
pattern of other land in the area; it is compatible to the site's natural features.
Section 3(c)

As part of any subdivision, the Commission shall require such open space *as it may deem proper*

ultimately concluded that the Commission had abused its discretion in denying Plaintiff's

application does not mean that the Commission lacked discretion.  "[E]ven in a case where the

denial of the permit is arbitrary[,] [t]he fact that the permit could have been denied on

non-arbitrary grounds defeats the federal due process claim."  *RRI Realty Corp.*, 870 F.2d at 918.

Because the Subdivision Regulations themselves so clearly vest the Commission with a

---

. . . consistent with the following: The total amount of area to be reserved for open space purposes shall be a minimum of 10% of the gross area of the subdivision, unless otherwise specified by the Commission . . . The Commission shall determine the manner in which the open space is to be conveyed or preserved . . . Each area reserved for such purposes shall be of suitable area, dimensions, topography and natural character for the intended conservation and/or recreation purposes.
Section 3(e)(1)

*If in the judgment of the Commission*, overall site improvement is necessary, the subdivider shall submit [plans] which show methods of stabilizing slopes against erosion and storm water drainage.
Section 3(h)

The Commission may *in its discretion* grant a renewal of such Conditional Approval for an additional period of two years at the end of any two year period.
Section 4(c)(3)

Streets in any subdivision shall be in harmony with existing or proposed thoroughfares . . . especially with regard to safe intersections . . . so that a safe, convenient circulation system is provided *in the opinion of the Commission*.
Section 5(b)(1)

Where it is anticipated that the additional runoff incident to the development of the subdivision will overload an existing downstream drainage facility during a fifty (50) year storm, the Commission shall not approve the subdivision until the subdivider has made such provision for the improvement of such potential condition *as the Commission deems reasonable* to require of the subdivider.
Section 5(d)(3)

The Commission *may* require additional [side]walks or *may* permit variations from the established sidewalk standards as set forth above upon a three-quarters vote of all the members.
Section 5(f)

degree of discretion sufficient to preclude Plaintiff from having a constitutionally protected property interest in the granting of her application, it would be futile to grant Plaintiff leave to amend her substantive due process claim, because there is no change that she could make to her complaint with respect to this claim that would correct the deficiency as a matter of law.

**B.      Equal Protection**

Plaintiff alleges that the Defendants "deprived the plaintiff equal protection, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983" (Compl. ¶ 45) in that Defendants "singled out the plaintiff for unfair and illegal treatment" (Compl. ¶ 44) when they "intentionally, improperly and in bad faith, treated the plaintiff differently than other similarly situated persons and with no rational basis for the different treatment."  (Compl. ¶ 43).

"The Equal Protection Clause requires that the government treat all similarly situated people alike." *Harlen Assoc. Inc. v. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). "While the Equal Protection Clause is most commonly used to bring claims alleging discrimination based on membership in a protected class," a plaintiff who does not allege membership in such a class "can still prevail in what is known as a 'class of one' equal protection claim." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005), *rev'd on other grounds in Appel v. Spiridon*, 531 F.3d 138, 141 (2d Cir. 2008).  The Supreme Court created the "class of one" species of equal protection claim in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam), which held that an equal protection claim can be brought by a "class of one" where "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."

Defendants move to dismiss the equal protection claim on the basis that "Plaintiff has not

alleged a factual basis to establish that the Commission's decision was motivated by a malicious intent to injure the Plaintiff." [Doc. 32 at 38]  Since Plaintiff explicitly alleged that Defendants acted "in bad faith" (Compl. ¶ 44), it appears that Defendants take issue with Plaintiff's failure to specify in the complaint any facts suggestive of malice or animus toward the Plaintiff.  However, the undeniably conclusory nature of Plaintiff's assertion of bad faith is only fatal to her equal protection claim if an allegation of malice is in fact required in order to state a "class of one" equal protection claim.  As the parties discuss at length in their briefing, "the Second Circuit has repeatedly deferred the question of whether *Olech* eliminated the inquiry into defendant's bad faith intent."  *Assoko v. City of New York*, 539 F. Supp. 2d 728, 735 (S.D.N.Y. 2008), citing *Harlen*, 273 F.3d at 499-500.  However, there is nothing in the plain language of *Olech* that requires an allegation of malice.  *See Padilla v. Harris*, 2002 U.S. Dist. LEXIS 7865 (D. Conn. Apr. 24, 2002) (denying a motion to dismiss a "class of one" equal protection claim that failed to allege ill will or malice, on the basis that "The Court cannot ignore the plain language of the Supreme Court in *Olech*, 528 U.S. at 564, that allegations that a plaintiff had been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment' were sufficient to state a claim for denial of equal protection.")  Accordingly, the Court in *Assoko* set forth the following formulation of the test:

> In the Second Circuit, to state a 'class of one' claim under *Olech*, Plaintiffs must allege: (1) that they were intentionally treated differently from other similarly situated individuals; and (2) that the disparate treatment was *either* (a) 'irrational and wholly arbitrary' *or* (b) motivated by animus.

539 F. Supp. 2d at 735 (quoting *Harlen*, 273 F.3d at 499) (emphasis added).  Given that Plaintiff has satisfied the second prong by adequately pleading that the denial of her application was arbitrary and without rational basis (Compl. ¶¶ 1, 22-33, 44), the Court need not reach the issue

of whether her conclusory assertion of "bad faith" (Compl. ¶44 ) would be adequate to withstand a motion to dismiss, were she proceeding solely under that theory.

Defendants also maintain that Plaintiff's equal protection claim should be dismissed because "it is clear that there was a rational basis for the permit denial." [Doc. 32 at 46]  This argument is unavailing given the current procedural posture of the case, because making a determination as to whether there was a rational basis for Defendants' decision would require the Court to pierce the pleadings and evaluate the factual record, which is impermissible upon a motion to dismiss.  Plaintiff has adequately alleged the absence of a rational basis for the Commission's decision. (Compl. ¶¶ 1, 22-33, 44)  Whether Defendants can demonstrate otherwise is a matter to be resolved upon summary judgment or at trial.  Indeed, almost all of the cases that Defendants cite in support of their argument that they have satisfied the rational basis standard [Doc. 32 at 46] were decided upon motion for summary judgment.[2]

Finally, because it has not been advanced by Defendants as a basis for dismissal, the Court need not decide whether Plaintiff's complaint sufficiently identifies the similarly situated persons from whom Plaintiff was allegedly intentionally treated differently without rational basis. Plaintiff's relatively minimal allegations on this point (Compl. ¶¶ 25[3], 43-45) are not so patently

---

[2]  Defendants also rely upon *Gavlak v. Town of Somers*, 267 F. Supp. 2d 214, 225 (D. Conn. 2003), which stated that "a plaintiff challenging a zoning board's decision, at a minimum, would be required to show that the decision was irrational and wholly arbitrary, in other words, that there was no legitimate reason for its decision."  However, notwithstanding that language, the Court in *Gavlak* denied the motion to dismiss a "class of one" equal protection claim.

[3]  "[U]pon information and belief, the Commission has never denied another subdivision in Enfield on the ground of high groundwater levels and has repeatedly approved subdivisions having groundwater levels at or above the levels on the Property and in instances where no data was provided regarding groundwater levels." (Compl. ¶ 25.)

insufficient to survive a motion to dismiss that the Court feels compelled to decide that issue *sua sponte*. With regard to the standard for identifying similarly situated comparators in the complaint at the motion to dismiss phase, see *DeMuria v. Hawkes*, 328 F.3d 704 (2d Cir. 2003) (reversing dismissal of "class of one" equal protection claim as insufficiently plead); *cf. Assoko v. City of New York*, 539 F. Supp. 2d 728, 736 (S.D.N.Y. 2008) ("Absent from Plaintiffs' Complaint are any direct allegations that the City declined to issue Certificates with respect to other homes that suffered from the same defects as did Plaintiffs' homes. This complete failure to allege actual disparate treatment with respect to a similarly situated class is grounds for dismissing the equal protection claim.").

However, the Court notes that in order to ultimately prevail on an *Olech* equal protection claim, "class of one plaintiffs must show an extremely high degree of similarity between themselves and the persons to which they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). A plaintiff in a "class of one" case must show that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Neilson,* 409 F.3d at 105.

## IV.    CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss [Doc. 31] is granted in part and denied in part. Plaintiff's claim for taking of property is dismissed. Because Plaintiff has withdrawn that claim for possible assertion in another venue, that dismissal is without prejudice.

Plaintiff's substantive due process claim is dismissed with prejudice.  Defendants' motion to dismiss Plaintiff's equal protection claim is denied.  Notwithstanding the scheduling order of May 13, 2009, the parties are directed to confer and file on or before February 19, 2010 a joint proposal as to reasonable deadlines for completing discovery on the remaining claim and filing dispositive motions, or if none are filed, a trial ready date.

       It is SO ORDERED.

Dated: New Haven, Connecticut

       February 3, 2010

                                        */s/ Charles S. Haight, Jr.*

                                        Charles S. Haight, Jr.
                                        Senior United States District Judge