UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARGARET PAPPAS,<br><br>     Plaintiff,<br> v.<br><br>TOWN OF ENFIELD, et al.,<br><br>     Defendants. | 3:08-cv-250 (CSH) |

**RULING ON MOTION FOR RECONSIDERATION**

HAIGHT, Senior District Judge:

  Plaintiff Margaret Pappas brought this action under 42 U.S.C. § 1983 against the Town of Enfield, the Town of Enfield Planning and Zoning Commission ("Commission"), and four of the Commission's members, alleging that the Commission's denial of her application to re-subdivide a parcel of land she owns in Enfield violated her rights to substantive due process and equal protection under the Fourteenth Amendment to the United States Constitution.

  Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's due process and equal protection claims. In a ruling issued on February 3, 2010, reported at 2010 WL 466009, familiarity with which is assumed, this Court granted the motion to dismiss the substantive due process claim and denied the motion to dismiss the "class of one" equal protection claim. The Court concluded that Plaintiff had no constitutionally protected property interest in the granting of her subdivision application because the Commission was vested with discretion with respect to such applications. The Court based its ruling on the allegations in Plaintiff's complaint and on the Enfield Subdivision Regulations, which were repeatedly referenced in the complaint and thereby incorporated into it. Plaintiff now seeks reconsideration of that portion of the ruling dismissing

her substantive due process claim. For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. 52] is DENIED.

Plaintiff requests reconsideration:

> to seek correction of the Court's misunderstanding that it can determine, as a matter of law, that certain provisions of the Enfield Subdivision Regulations afforded discretion to the commission to deny the application without benefit of the any [sic] facts to determine if the standards cited by the Court are even applicable to the plaintiff's application. In part due to the Court's overlooking Connecticut case law related to narrowly-proscribed discretion in subdivision review and related law prohibiting denial of subdivisions based on generalized references to health and safety contained in subdivision regulations, together with the Court's citation of certain discretionary standards of the Subdivision Regulations that it can not determine are even applicable to the plaintiff's subdivision plan without aid of evidence, the Court was mistaken in ruling that the Commission possessed the kind of legal discretion to deny the application that, as a matter of law, deprives the plaintiff of clear entitlement to approval of her subdivision application.

[Doc. 52 at 1-2]

These issues were thoroughly addressed by the parties in the briefs on the motion to dismiss, were carefully considered by the Court, and are discussed in the ruling on the motion to dismiss, and as such, they are inappropriate subjects of reconsideration. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is not an opportunity to reiterate and elaborate arguments already raised, in an attempt to relitigate an issue which has been decided. *New York v. Parenteau*, No. 09-3938-cv, 2010 WL 2573933, at *1 (2d Cir. June 24, 2010) ("[A] motion to reconsider should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided.").

The ruling specifically addresses the question, previously raised by the parties, of whether the Court may determine on a Rule 12 motion whether discretion was vested in the Commission, thereby defeating any claimed property interest in the granting of the application. 2010 WL 466009, at *4. The Court concluded that under Second Circuit precedent, it was permitted, and perhaps even encouraged, to make such a threshold determination. *Id.*, citing *RRI Realty Corp. v. Incorporated Village of Southampton*, 870 F.2d 911, 918 (2d Cir.1989) ("Focusing on the authority of the local regulator thereby permits the threshold rejection of some federal due process claims, without awaiting exploration of whether the regulator acted so arbitrarily as to offend substantive due process in the particular case.").

In making that threshold determination, the Court found, "The language of the Regulations repeatedly references the Committee's discretion, judgment, and opinion, and requires it to exercise those higher functions in considering various subjective factors when making determinations as to the acceptability of the applications before it." *Id.* at *5. The Court then compiled a nonexhaustive list of various provisions in the Subdivision Regulations, some general and some specific, that convey discretion on the Commission in evaluating applications or require the exercise of judgment in deciding whether and how the regulations might apply in a particular situation. *Id.* at *5, fn. 1. Contrary to Plaintiff's assertions in the motion for reconsideration, the Court did not, in doing so, make an finding that each of those discretionary provisions necessarily applied to Plaintiff's application. A requirement that the Court must make such findings and cannot do so "without aid of evidence," as Plaintiff contends [Doc. 52 at 2], is antithetical to the notion of a threshold determination on the issue of discretion.

Plaintiff maintains that her subdivision application complied with every potential requirement that the Commission was permitted to impose under the Subdivision Regulations, and that she was therefore entitled to approval. The Connecticut Superior Court found that the Commission had abused its discretion in denying the application, which was subsequently approved in accordance with that Court's order.[1] But an abuse of discretion does not amount to a substantive due process violation where, as here, the Commission was required to review the application to determine what sections of the regulations applied, whether those regulations had been satisfied, whether to grant any exemptions sought, which of alternative proposals that were offered to select, and so forth. Those are inherently discretionary functions, and that discretion is made explicit and amplified by the provisions of the Subdivision Regulations that were quoted in the Court's decision. 2010 WL 466009 at *5, fn. 1.

Thus, at the time that the application was filed, Plaintiff had a unilateral expectation of approval, and perhaps a well-founded one, but not a constitutionally protected entitlement to approval, because the inquiry does not turn on the probability that the application will be approved, but rather upon whether review of the application is discretionary in nature. Otherwise, "every allegedly arbitrary denial by a town or city of a local license or permit would become a federal case." *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 58 (2d Cir. 1985). Plaintiff's observation in her motion for reconsideration that Connecticut law provides only for "narrowly-proscribed discretion in subdivision review" [Doc. 52 at 2] underscores the distinction; the fact that discretion may be narrowly cabined does not mean that it is nonexistent or meaningless.

---

[1] In the captioned action before this Court, Plaintiff sought to recover compensatory and punitive money damages, as well as attorneys' fees under 42 U.S.C. § 1988.

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. 52] is DENIED.

It is SO ORDERED.

Dated: New Haven, Connecticut

July 20, 2010

                                              */s/ Charles S. Haight, Jr.*
                                              Charles S. Haight, Jr.
                                              Senior United States District Judge